# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2022

Lyle W. Cayce
Clerk

No. 21-10704

In re: Bill Wayne Schwyhart; Carolyn Joyce Schwyhart,

*Debtors*,

CHP, L.L.C.,

*Appellee—Cross Appellant*,

*versus*

Bill Wayne Schwyhart; Carolyn Joyce Schwyhart,

*Appellants—Cross Appellees*.

Appeal from the United States Bankruptcy Court
for the Northern District of Texas
USBC No. 3:21-CV-117-G

Before Richman, *Chief Judge*, and Costa and Ho, *Circuit Judges*.
Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10704

This case calls for direct review of consolidated appeals from two bankruptcy court rulings. For the reasons discussed below, we affirm in one appeal and dismiss the other appeal as moot.

Bill and Carolyn Schwyhart jointly filed for Chapter 7 bankruptcy relief in 2018. One of their creditors, CHP, L.L.C., brought an adversary proceeding objecting to the Schwyharts' discharge. Following trial, the bankruptcy court found that CHP had failed to carry its evidentiary burden and denied its objections. CHP timely appealed. While that appeal was pending in district court, the Schwyharts filed a Request for Discharge. The bankruptcy court denied their Request, holding that CHP's appeal had divested it of jurisdiction to enter supplemental orders bearing on the same substantial rights. The Schwyharts timely appealed. The district court consolidated the appeals and certified them for direct review in this court.

We consider CHP's appeal first. It is "the basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor." *Matter of Hudson*, 107 F.3d 355, 356 (5th Cir. 1997). The bankruptcy court has "wide discretion" to determine whether to uphold a creditor's objections to discharge. *In re Dennis*, 330 F.3d 696, 703 (5th Cir. 2003). And because the bankruptcy court's analysis was necessarily predicated on crucial credibility determinations, it is owed "even greater deference." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 565 (1985). Against this backdrop, we see no basis to disturb the bankruptcy court's denial of CHP's objections to the Schwyharts' discharge. Accordingly, we affirm. And as the Schwyharts acknowledged at oral argument, our affirmance in CHP's appeal renders their own appeal moot.